Angle, J.
Section 779 of the Code of Civil Procedure provides that “ where costs of a motion directed by an order to be paid are not paid within the time fixed for that purpose, or if no time be so fixed within ten days after service of a copy of the order, all proceedings on the part of the party to pay the same, except to vacate or review the order, are stayed without further direction of the court until the payment thereof. But the adverse party may, at his election, waive the stay of proceedings.
The affidavit of one of the defendant’s attorneys shows that the order vacating the attachment was made January 24, 1885, and was entered in the clerk’s office and a copy served on plaintiff’s attorneys January 28, 1885, and that it provided that plaintiff should pay to defendant or his attorneys the sum of ten dollars, costs of the motion, and eighty dollars, fees of referee; and that no part of it has been paid. The affidavit of the other attorney for defendant shows that the final order vacating the attachment was settled and entered February 19, 1885, and this order of February 19 was, by stipulation of the attorneys, substituted in place of the former order.
There is nothing in the papers showing that a copy of *127 this substituted order was served. The first point made by plaintiff’s counsel is that to make the non-payment of costs work a stay of proceedings, it was necessary that a copy of the substituted order be served. Pettibone v. Drakeford, 1 How. (N. S.), 141.
We are not furnished with a copy of either order and we do not know what difference there may be between the two, but the fact that counsel by stipulation substituted the second for the first, indicates that in their opinion some material change from. the first was necessary. From the time of its entry the substituted order must control the rights of the parties and before non-compliance with it should stay plaintiff’s proceedings it should appear that he is, under the provisions of section 779 creating the stay. That is not shown and the stay declared by the section is not operative upon him.
Another point taken by plaintiff’s counsel is that as he was not stayed by section 779 from proceeding to vacate or review the order vacating the attachment, he was not stayed as to any matter necessarily growing out of a proceeding to vacate or review the order imposing such costs; that although defeated on his appeal with an award of costs of the appeal against him it was a necessary incident to his rights to make the appeal that he should not be stayed from making the necessary affidavits to resist the taxation of improper items in the appeal costs and from opposing their allowance. The defendant by giving him notice of taxation seems to concede this, as no objection appears to have been made thereto.
We think the right to appeal carried with it (so far as regards section 779), the right to see to it that, if defeated, the costs of the appeal from the taxation by the clerk.
The order should be reversed with ten dollars costs and disbursements, and motion remitted to Monroe special term to be heard.
Haight, Bradley and Childs, JJ., concur.